**STATE of Maine**

v.

**David J. WHITE.**

Supreme Judicial Court of Maine.

Argued March 6, 1984.

Decided April 5, 1984.

David W. Crook, Dist. Atty., Alan P. Kelley (orally), Deputy Dist. Atty., Augusta, for plaintiff.

Kim M. Vandermeulen (orally), Downeast Law Offices, P.A., Augusta, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, VIOLETTE, WATHEN and GLASSMAN, JJ.

ROBERTS, Justice.

David J. White challenges his theft conviction in Superior Court, Kennebec County, solely on the grounds that the jury was improperly polled. Upon his request the clerk began to question the jurors individually as follows: "did you find the defendant guilty?" The justice presiding interrupted with instructions to ask whether each juror found the defendant guilty or not guilty or, in the alternative, whether the foreman had correctly reported the verdict. Thereafter, the clerk asked each juror "did the foreman correctly report the verdict of the jury?" and each responded affirmatively. Because there was no objection, we review for obvious error under M.R.Crim.P. 52(b).

We note that there are two problems with this method of polling the jury. First, the question used by the clerk assumes that each juror was paying attention and heard the verdict reported by the foreman. When the offense charged is a simple theft involving only one defendant, there may be slight risk of confusion. When there are multiple defendants or multiple charges, however, the risk becomes much greater. Although the right is not of constitutional dimension, it has been described as

of ancient origin and of basic importance. The object is to give each juror an opportunity, before the verdict is recorded, to declare in open court his assent to the verdict which the foreman has returned and thus to enable the court and the parties to ascertain with certainty that a unanimous verdict has in fact been reached and that no juror has been coerced or induced to agree to a verdict to which he has not fully assented.

*Miranda v. United States,* 255 F.2d 9, 17 (1st Cir.1958).

Secondly, the question is framed in the past tense. Although the jury need *not be invited to reconsider,* the individual juror "has a right to change his mind about a verdict to which he has agreed in the jury room." *United States v. Shepherd,* 576 F.2d 719, 724 (7th Cir.), *cert. denied,* 439 U.S. 852, 99 S.Ct. 158, 58 L.Ed.2d 155 (1978); 5 *Wharton's Criminal Procedure* § 2142 (10th Ed.1957). We again suggest that "in the interest of clarity, the question should be asked in such a manner as to elicit from each juror a 'guilty' or 'not guilty' response." *State v. Sargent,* 435 A.2d 1094, 1095 n. 1 (Me.1981). For example, the clerk might inquire as follows: "John Jones, do you find the defendant guilty or not guilty?"

Having said what ought to have been done, however, we conclude that the record before us does not disclose obvious error affecting White's substantial rights. This case involved a short, uncomplicated trial although based upon circumstantial evidence. The presiding justice had made clear the necessity of unanimity in the jury verdict. The entire colloquy between the judge and the clerk was in the presence of the jurors. We have no doubt that under all the circumstances each individual juror understood the inquiry addressed to him.

The entry is:

Judgment affirmed.

All concurring.